IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANDRA HAAR, § | | |
| (BOP No. 77543-097), § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:20-CV-704-P | |
| § | | |
| MICHAEL CARR, Warden, § | | |
| FMC-Fort Worth, § | | |
|     Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Sandra Haar, a federal prisoner who is confined at FMC-Carswell. Pet.1-8, ECF No. 1. After considering the § 2241 petition and relief sought by Haar, the Court concludes that the petition should be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

In November 2019, Haar was found guilty of one count of healthcare fraud in violation of 18 U.S.C. § 1347, and one count of conspiracy to receive kickbacks in violation of 18 U.S.C. § 371, in the United States District Court for the Eastern District of California. *See* J., *United States v. Haar*, No. 1:18-CR-155-001, ECF No. 25. Haar was sentenced to concurrent terms of 60 months' imprisonment. *Id*. at 2. Haar's projected release date with good time credit is currently April 18, 2024. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, http://www.bop.gov (last visited July 9, 2020).

By way of this § 2241 petition, Haar seeks relief from her incarceration at FMC-Carswell in light of the COVID-19 pandemic in the form of (1) a restraining order and injunctive relief against her sentence, and (2) release to home confinement for the duration of her sentence. Pet. 7, ECF No. 1. Haar, however, also asserts challenges to the conditions of her confinement, claiming a violation of due process of law, that FMC-Carswell staff are deliberately indifferent to her serious medical needs, and that her incarceration at FMC-Carswell rises to cruel and unusual punishment under the Eight Amendment. *Id*. at 5-6.

## II. ANALYSIS

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

As to Haar's constitutional challenges to the conditions of her confinement, in the Fifth Circuit, habeas relief is not available to review questions unrelated to the fact or duration of a prisoner's detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where a prisoner challenges the conditions of her confinement or prison procedures, the

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in her accelerated release. *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997). Thus, to the extent Haar seeks to raise constitutional challenges to the conditions of her confinement, she must file a civil suit.[2]

Additionally, to the extent Haar seeks a reduction in sentence due to the health risks associated with the COVID-19 pandemic, the Court notes that Haar acknowledges that she has already sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) in the United States District Court for the Eastern District of California where she was convicted. Pet. 8, ECF No. 1; *see infra* footnote 3. The Fifth Circuit has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); *see also Clark v. Upton,* No. 4:19-CV-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion"). Thus, to the extent Haar has essentially sought relief in the form of a request to reduce her sentence on

---

[2]The clerk of Court will be directed to send to Haar a copy of the Court's civil-rights complaint form.

3

the basis of compassionate release under 18 U.S.C. § 3582(c)(1)(A), any such request must be dismissed for lack of jurisdiction.[3]

Furthermore, with regard to Haar's alternative request to be released to home confinement, it is well settled that there is no constitutionally protected right to be confined in any particular place, including in-home confinement. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197, 2010 WL 3835235, at *2, Y (N.D. Tex. 2010), *R. & R. adopted,* 2010 WL 3835148 (N.D. Tex. 2010). Absent a court's modification to a sentence under § 3582(c), the discretion to release a prisoner to home confinement lies solely with the Attorney General and the Bureau of Prisons (BOP) by delegation. *See United States v. Sneed,* 63 F.3d 381, 389 n.6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the" BOP) (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement"). This Court has no authority to compel the BOP to do so.

This is true even under the provisions of the recently enacted Coronavirus Aid, Relief,

---

[3] Review of the docket of Haar's underlying criminal case number 1:18-CR-0155-001, shows that Haar, through counsel, filed a motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) with supporting exhibits, the government filed a response, and the court then directed the parties to provide additional information, which was also then placed on the docket. *United States v. Haar,* No. 1:18-CR-0155-001, ECF Nos. 30, 32, 33, 35, 36, 37, 38, 39, and 41. The motion has not been ruled upon as of the date of this opinion. The Court takes judicial notice of the records of the Eastern District of California. *See* Fed R. Evid. 201(b)(2) and (c)(1).

4

and Economic Security (or "CARES") Act, Pub. L. No. 116-136, enacted on March 27, 2020, and the memoranda of the attorney general to the BOP director, dated March 26 and April 3, 2020, as they do not provide the courts statutory authority to modify a defendant's place of incarceration. As another judge of this district recently concluded, "the CARES Act and the memorandums issued by the attorney general both instruct and expand the authority of the director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *See United States v. Stigger*, No. 3:12-CR-054-L, Crim. Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020) (Lindsay, J.) (denying post-conviction motion for home confinement due to COVID-19 and finding that the BOP is in the best position to determine: (1) whether Defendant qualifies as one of the most vulnerable inmates based on [the inmate's] current health; and (2) whether the facility where [the inmate] is currently confined is one of the "most affected facilities"). Other courts have recognized that, as the decision to release to home confinement is reserved to the BOP, a district court has no jurisdiction to order home confinement under the CARES Act. *See United States v. Gentry*, Crim. No.5:03-50033-05, 2020 WL 2131001, at *5 (W.D. La. May 5, 2020) (citing *United States v. Read-Forbes*, Crim. No. 12-20099, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVD-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.") (other citations omitted)).

## III.  CONCLUSION

It is therefore **ORDERED** that petitioner Sandra Haar's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.[4]

**SO ORDERED** this **10th day** of **July, 2020.**

*/s/ Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[4] The clerk of Court is directed to send to Sandra Haar a blank civil-rights complaint form at her Bureau of Prisons address or record.